UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAVARSKI M. SHEFFIELD,

    Plaintiff,

v.                                        Case No. 5:16cv326/WTH/CJK

MR. BAILEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 8). Upon review of the complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Bay County Jail. (Doc. 8). Plaintiff is suing Mr. Bailey, an officer with the Parker City Police Department; Alyssa Yarbrough, an Assistant State Attorney; and Charles Dana Morris, plaintiff's former public defender, claiming that on October 4, 2014, Officer Bailey used excessive force when arresting him on a charge in county court, specifically, Bay County Court Case No. 13-MM-7251. (Doc. 8, pp. 3, 5-7). As relief, plaintiff seeks $166,000.00 in damages. (*Id.*, p. 7).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Reviewing plaintiff's amended complaint,[1] on page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 8, p. 3) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "Yes", and disclosed a past criminal case of his: Bay County Circuit Court Case No. 11-CF-3519, resulting in the imposition of judgment on August 15, 2011. (*Id.*). Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 8, p. 3) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes", and disclosed the present case as well as Bay County Case No. 13-MM-7251. (*Id.*).

---

[1] Plaintiff's original complaint was filed on the Southern District's form (doc. 1), which did not require disclosure of prior lawsuits.

*Case No. 5:16cv326/WTH/CJK*

*Page 3 of 7*

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 8, p. 4) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes", and again disclosed Bay County Circuit Court Case No. 11-CF-3519. (*Id.*). Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 8, p. 4) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes", but disclosed no federal cases. (*Id.*). Plaintiff instead disclosed two other Bay County Court criminal cases – Case Nos. 13-MM-7089 and 13-MM-7251. (*Id.*). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING**

**STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT."** (Doc. 8, p. 7) (emphasis in original). Thus, plaintiff has, in effect, stated that at the time he filed his complaint, he had not initiated any other action in federal court that related to the conditions of his confinement or that was dismissed prior to service or for failure to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, he had initiated a previous civil action in federal court that required disclosure. On November 16, 2000, plaintiff, while incarcerated at Everglades

Correctional Institution, filed a federal civil rights action in the United States District Court for the Middle District of Florida, claiming that two officers at Lake City Correctional Institution used excessive force on him in violation of the Eighth Amendment. *See Lavarski Montey Sheffield v. Officer Dace, et al.*, Case No. 3:00cv01262-HLA. The case was dismissed on November 20, 2000, prior to service, because plaintiff's complaint and attachments demonstrated, on their face, that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See* Case No. 3:00cv1262-HLA at Doc. 3. The Middle District case may be positively identified as having been filed by plaintiff because it bears his name and Florida Department of Corrections Inmate Number, 976262, which was plaintiff's FDC number at the time he was serving his sentence in Bay County Circuit Court Case No. 11-CF-3519. *See* www.dc.state.fl.us/InmateReleases. Plaintiff did not disclose this prior civil action despite the complaint form's clear instructions that all prior cases must be disclosed. Plaintiff's non-disclosure is important, because the case counts as a "strike" under 28 U.S.C. § 1915(g). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that a dismissal for failure to exhaust administrative remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (holding that failure to exhaust is an affirmative

defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints, but noting: "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim" when, for example, the defense appears on the face of the pleadings).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 8, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the

court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of February, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.